**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Toledo Bar Assn. v. Abreu,* **Slip Opinion No. 2016-Ohio-2972.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an
advance sheet of the Ohio Official Reports. Readers are requested to
promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65
South Front Street, Columbus, Ohio 43215, of any typographical or other
formal errors in the opinion, in order that corrections may be made before
the opinion is published.

SLIP OPINION NO. 2016-OHIO-2972

TOLEDO BAR ASSOCIATION *v.* ABREU.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it
may be cited as *Toledo Bar Assn. v. Abreu,* Slip Opinion No. 2016-Ohio-2972.]**

*Unauthorized practice of law—Offering to provide advice on meeting Medicaid
eligibility requirements—Consent decree approved—Injunction issued.*

(No. 2015-1955—Submitted January 6, 2016—Decided May 17, 2016.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law
of the Supreme Court, No. UPL 14-01.

_____

**Per Curiam.**

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized
Practice of Law has recommended that we approve a consent decree proposed by
relator, Toledo Bar Association, and respondent, Raye-Lynn Abreu. We accept the
board's recommendation and approve the proposed consent decree as submitted by
the parties as follows:

1. Toledo Bar Association ("TBA"), the Relator, is authorized to bring this action by Supreme Court Rules, Gov. Bar Rule VII.

2. The Supreme Court of Ohio, Board on the Unauthorized Practice of Law, has the jurisdiction to hear and decide this matter.

3. Relator and Respondent waive the right to notice and appearance before the hearing panel of the Board, pursuant to Gov. Bar Rule VII(7)(H).

4. Respondent, Raye-Lynn Abreu, is a natural person who is not licensed or authorized to practice law in the state of Ohio.

5. At all times relevant hereto Respondent is or was doing business under the trade name of * * * "A.I.M.S.", an acronym for "All Inclusive Medicaid Specialists", or "Personalized Long Term Consulting & Medicaid Applications" or "Medicaid Solutions".

6. On or about February 28, 2012, Susan Heasley executed a Contract of Services with Respondent and paid Respondent an application fee in the amount of $7,975.00.

7. On or about September 8, 2012, Howard Williamson, Jr., as [power of attorney] for his sister, executed a Contract of Services with Respondent and mailed to Respondent an application fee in the amount of $8,975.00. (When Mr. Williamson elected to terminate the relationship, Respondent returned his check.)

8. In exchange for the fees referenced in paragraphs 6 and 7 above, Respondent represented that she would provide "Personalized Medicaid Strategies and Asset Protection" [and] "create a strategy specific to your family's needs", and that "the strategy will define the exact amount of resources you will be able to retain and the date Medicaid eligibility will exist". Respondent

further represented that Ms. Heasley and Mr. Williamson, Jr., would "be informed not only of the amount of assets you will be keeping, but the appropriate way to reduce your resources."

9.  Respondent admits that she engaged in the unauthorized practice of law when she marketed and represented to Susan Heasley and Howard Williamson, Jr., that she was a Medicaid specialist who could create a strategy for the appropriate way to reduce resources in order to become Medicaid eligible.

10. Respondent further admits that she engaged in the unauthorized practice of law when she either provided or offered to provide Susan Heasley and Howard Williamson, Jr., with Medicaid planning which involved creating a strategy for the appropriate way to reduce resources in order to achieve Medicaid.

11. Respondent shall cease all activities that constitute the unauthorized practice of law, and shall take the following specific steps within the time specified:

(i) Respondent shall immediately cease to conduct and market herself as a Medicaid specialist who can provide a strategy for the appropriate way to reduce resources in order to achieve Medicaid, and shall cease to conduct and market herself as a Medicaid specialist who can provide a strategy for spending down and arranging assets and income to meet Medicaid eligibility requirements.

(ii) All websites, advertisements, brochures, contracts, business cards, and any other marketing material that reflects Respondent is a Medicaid specialist who can provide a strategy for the appropriate way to reduce

resources in order to achieve Medicaid, or that reflect that Respondent is a Medicaid specialist who can provide a strategy for spending down and arranging assets and income to meet Medicaid eligibility requirements, shall be immediately revised with said representations being deleted.

(iii) Respondent, individually or as a business, shall not, in the future, represent that she is a Medicaid specialist who can provide a strategy for the appropriate way to reduce resources in order to achieve Medicaid, or that she is a Medicaid specialist who can provide a strategy for spending down and arranging assets and income to meet Medicaid eligibility requirements.

12. Relator does not recommend imposition of civil penalties pursuant to Gov. Bar Rule VII(8)(B).

**IT IS HEREBY ORDERED:**

A. Respondent is enjoined from all activities that constitute the unauthorized practice of law, including:

(i) Rendering advice or providing a strategy for the appropriate way to reduce resources in order to achieve Medicaid, including rendering advice or providing strategy for spending down and arranging assets and income to meet Medicaid eligibility requirements;

(ii) Marketing or advertising in any fashion that Respondent will provide advice or strategy for the appropriate way to reduce resources in order to

achieve Medicaid, including marketing or advertising in any fashion the Respondent will provide advice or strategy for spending down and arranging assets and income to meet Medicaid eligibility requirements.

B. Respondent shall make restitution to Susan Heasley in the amount of $7,275.00 by December 15, 2014.

C. Respondent shall be assessed all costs of this matter pursuant to Gov. Bar Rule VII(8)(A).

(Boldface sic.)

So ordered.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michael A. Bonfiglio and Gregory B. Denny, for relator.

Laura J. Avery, for respondent.

_____